# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2013

No. 12-20512

Lyle W. Cayce
Clerk

BP EXPLORATION & PRODUCTION, INCORPORATED; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP CORPORATION NORTH AMERICA, INCORPORATED

Defendants - Appellees

v.

ELTON JOHNSON

Intervenor Plaintiff - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-989

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

In May 2010, Elton Johnson filed an action in Louisiana state court for injuries he allegedly sustained as a result of the *Deepwater Horizon* explosion. Johnson was working aboard the nearby vessel *M/V Damon Bankston* at the time of the incident. This action was removed to the United States District

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20512

Court for the Eastern District of Louisiana, and then consolidated with MDL 2179 by Judge Carl J. Barbier.

While maintaining his MDL suit, Johnson pursued remedies with the Gulf Coast Claims Facility ("GCCF"). The GCCF sent Johnson a Determination Letter in September 2011 offering him $2,698,095 if he waived and released "any claims for bodily injury that you have or may have in the future against BP." This letter further noted that, "to accept the Final Payment Offer," Johnson needed to sign and return the Letter; the GCCF would then mail him a Release he would need to sign and return in order to receive payment.

Johnson signed and returned the Letter, but in the interim, the GCCF received information indicating Johnson misrepresented the existence and extent of his injuries. Based upon this information, the GCCF denied Johnson's claim and refused to send him the Release. Johnson then filed a breach of contract claim in Texas state court, alleging a valid and binding settlement agreement arose when he signed the Letter. Instead of filing his own suit, however, Johnson intervened in an existing Jones Act lawsuit brought by Robert Young, a seaman working on the *Deepwater Horizon* at the time of the explosion. BP removed the case to federal court, where the Young claims were dismissed pursuant to a settlement agreement.

BP then submitted a request to the Judicial Panel on Multidistrict Litigation, asking it to transfer Johnson's contract claim to MDL 2179. BP additionally moved for a stay pending the Panel's decision. Before the Panel rendered a decision, however, the district court ordered the defendants to move for summary judgment; the district court ultimately granted this motion, finding, *inter alia*, that no valid contract was formed. Johnson timely appealed. On appeal, he maintains his position that a binding contract arose when he signed the Letter, and that a breach occurred when the GCCF later declined to send him the Release.

No. 12-20512

We find, however, that the practical and prudent course of action in this case is to vacate the judgment of the district court and have that court transfer this case to the Eastern District of Louisiana for disposition there. As the record makes clear, Johnson's claim was handled from its early stages by Judge Barbier. The alleged breach of contract claim Johnson now presents is, in fact, premised upon a settlement agreement allegedly reached in order to resolve his purported tort injuries; and Johnson's tort case was pending before Judge Barbier when he intervened in Texas state court. It is typical in such scenarios for the court before which the tort claims are pending to determine whether a binding settlement agreement has arisen, as that court is already familiar with the parties and the claims and the proceedings. *See, e.g.*, *Mobley v. Montco, Inc.*, No. Civ. A. 03-1130, 2004 WL 307478, at *1 (E.D. La. Feb. 17, 2004) ("A district court has the power to enforce summarily a settlement agreement reached in a case pending before it." (citing *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984))). Indeed, it seems that in all the cases to which the appellant favorably cites, the court discerning whether a valid settlement was reached was the same court considering the merits of the tort claims giving rise to the settlement. *See, e.g.*, *id.*; *In re Gibson*, No. CIV-07-055-SPS, 2009 WL 3241641, at *2 (E.D. Okla. Sept. 25, 2009) (analyzing whether a settlement allegedly reached in the case pending before that court was binding); *Latham v. QCI Corp.*, No. H-07-2395, 2009 WL 483208 (S.D. Tex. Feb. 25, 2009) (same); *Garrett v. Delta Queen Steamboat Co.*, No. 05-1492-CBJ-SS, 2007 WL 837177 (E.D. La. March 14, 2007) (same); *Aycock v. Noble Corp.*, No. G-05-654, 2006 WL 2521211 (S.D. Tex. Aug. 30, 2006) (same).

We are especially reluctant to decide the question of whether a binding settlement agreement arose here, given the complexities of the BP litigation and the administrative handling of related tort claims and settlement processes. We recognize that there should be some uniformity as to the manner in which such

questions are answered—without consistency, we may be faced with serious and disruptive unintended consequences.  The proper way to insure this case is decided in a manner that does justice to all the parties involved—as well as those others affected by the *Deepwater Horizon* incident—is to refer the matter back to the court in which it arose.  That court has detailed knowledge of all the aspects of the BP litigation and settlement programs, and is in the best position to decide this issue in a way that is consonant with the handling of this multitudinous litigation.  Accordingly, we vacate the judgment of the district court and remand with instructions to the district court to transfer this case to the Eastern District of Louisiana.

VACATED and REMANDED with instructions to TRANSFER.